GENARO CAUTIÑO INSÚA, Plaintiff and Appellant, v. PIZÁ HERMANOS, S. en C., Defendant; CATALINA CANALS RONDÓN ET AL., Interveners and Appellees.

No. 5208. Argued June 2, 1930.—Decided June 12, 1930.

*T. Bernardini de la Huerta* for appellant.  *De la Torre & Ramírez* and *J. Martínez Dávila* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Genaro Cautiño brought an action of debt in the District Court of San Juan against Pizá Hermanos, *S. en C.,* (a limited partnership) and to secure the effectiveness of the judgment, he sued out an attachment, which was levied on two estates and other property. Thereafter a default judgment for the sum of $145,000.50 and interest on $100,000, with costs, was entered against the defendant. On May 13, 1929, the heirs of Francisco Pizá y Mas, which included his widow Catalina Canals and his minor children Sebastiana and Jaime, filed a motion to open the default and to vacate the judgment entered. The petitioners alleged that they were creditors of the defendant in the sum of 269,158.85 pesetas, with interest thereon, secured by a mortgage on two pieces of property which they claim are the same mentioned in the original complaint. They further alleged that Genaro Cautiño Insúa prosecuted or is prosecuting against Pizá Hermanos, *S. en C.,* a personal action to recover $100,000 as principal, $45,002.50 as interest, and $1,500 for costs; that the summons was not properly served; that the petitioners had applied for intervention in the action, but that such intervention had been denied; that Cautiño intends to recover, to the prejudice of the petitioners the sum of $45,002.50 as interest and a part of the principal, which according to the contract ought to be paid with the cattle which was given as security; and that the judgment entered is void on various grounds set forth.

After a hearing attended by the parties concerned, the court decided the motion in favor of the petitioners and, by an order, it vacated the judgment and granted the intervention sought. From that order, which was dated June 8, 1929,

Genaro Cautiño Insúa took an appeal on the 18th of the same month, and he has characterized the decision appealed from as a special order made after final judgment.

The appellant has already filed the record and his brief on appeal. The transcript of the evidence, as well as the brief of the apellant, was served on counsel for the heirs of Francisco Pizá y Mas.

Now Catalina Canals and the heirs of Francisco Pizá y Mas have filed a motion to dismiss the appeal and allege that, subsequent to the taking of this appeal, the plaintiff and appellant purchased from them, by a deed which appears to have been executed on July 22, 1929, before notary Ramírez Santibáñez and a certified copy of which they exhibited, the mortgage credit mentioned in the complaint in intervention; that Catalina Canals and the heirs of Francisco Pizá y Mas now have no interest in the appeal, as they have conveyed their credit to Genaro Cautiño; that the appeal will serve no practical purpose and is academic; and that the order in question is not appealable, according to the rulings made by this court in *Dávila* v. *Barreiro,* 20 P.R.R. 43; *I. Martín, Ltd.,* v. *North British, etc.,* 37 P.R.R. 856, and *Espada* v. *Sepúlveda, Judge,* 20 P.R.R. 128 The motion has been opposed by the appellant who, among other grounds, sets up that he had a judgment entered in his favor, which has been vacated; that the proceeding to secure the effectiveness of the judgment and the service of summons on the defendant have been similarly affected; that the motion for opening the default was not based on any of the grounds set forth in section 140 of the Code of Civil Procedure; that the order made prejudices the appellant who, upon the withdrawal of the interveners, is left with a judgment vacated on grounds which vitiate all the proceedings had, and therefore it can not be contended that the appeal is academic. He discusses the decisions cited in the motion to dismiss, and invokes in his turn the case of *Freiría & Co.* v. *R. Félix Hermanos & Co.,* 20 P.R.R. 148.

The present situation of the parties in the case at bar is strange indeed. Those who have presented the motion to dismiss can not truly be called parties to the appeal. The interests on which they based their intervention in the action were conveyed by them to Genaro Cautiño Insúa, who was the opposing party, and in consequence of such transfer they have ceased to have an interest in the litigation, no matter in what condition the latter may be. It is, however, an established fact that appellant Cautiño has served a copy of his brief on appeal upon counsel for Catalina Canals and the heirs of Francisco Pizá y Mas, which indicates to us that, notwithstanding the said transfer, the appellant is in doubt as to whether the above heirs and Catalina Canals are interested parties. There is no doubt in our mind that they are not.

The appellant also finds himself in a strange position. Having become the owner of the rights which formerly belonged to Catalina Canals and the heirs of Pizá Mas, he is in this action at once appellant and appellee in regard to the same question. Notwithstanding this, the juridical situation created for him by the order appealed from justifies to a certain extent his action in taking an appeal. Possibly some other legal remedy might have been available to him to change such a situation; but we are not called upon to point it out. It is incumbent, however, on us to declare that in view of the above situation we are not convinced that the appeal is academic and, therefore, we prefer to hear it on the merits and to pass upon the errors assigned.

Our decision in *I. Martín, Ltd.,* v. *North British & Mercantile, supra,* is not in point. In that case there was involved an order made upon a motion to dismiss on the ground of abandonment; and although it is true that it was urged there that the order was one made after final judgment, the appeal in the present case is taken from an order vacating the judgment.

For the foregoing reasons the motion to dismiss must be denied.

Mr. Justice Wolf concurs in the judgment.